UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEREMY J. KINCEY,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T CORP.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:22-CV-02786-JPB |

## **ORDER**

This matter comes before the Court on AT&T's ("Defendant") Motion to Dismiss [Doc. 3]. This Court finds as follows:

### **BACKGROUND**

Jeremy Kincey, proceeding *pro se*, filed a Complaint in the Superior Court of Fulton County on April 5, 2022. [Doc. 1-1, p. 2]. Defendant removed the matter to this Court on July 15, 2022, on the basis of diversity jurisdiction and federal question jurisdiction. [Doc. 1].

The Complaint is one for "life-threatening conspiracy" and "domestic terrorism." [Doc. 1-1, p. 2]. It is 114 pages long and includes, without context or explanation, the following materials: police incident reports, photographs, lists and

excerpts of federal and state statutes, President Joe Biden's inauguration speech and a list of United States government agencies and departments.

Plaintiff alleges that he is being "attacked" by government officials and other individuals via satellite, television and radio transmissions broadcast by Defendant. Id. at 13–14. Portions of the Complaint appear to enumerate federal and state crimes allegedly perpetrated against Plaintiff. See id. at 28–47 (federal crimes); id. at 48–76 (state crimes). In the Complaint, Plaintiff identifies "people involved," presumably, in these alleged crimes. Such persons include Defendant's CEOs from 1987 to the present; President Joe Biden and former Presidents Donald Trump, Barack Obama and George Bush; various state officials, including Georgia Governor Brian Kemp and former Governor Nathan Deal; "all civilians, family, friends, [and] coworkers"; and various entities such as the "New York stock exchange," Tesla, "Georgia power" and "Illuminati corporations and every demon in hell." See id. at 77–81. Plaintiff seeks thirty trillion dollars and "rising debt" in damages. Id. at 3.

On July 22, 2022, Defendant filed the instant Motion to Dismiss, asking this Court to dismiss Plaintiff's Complaint with prejudice for failure to state a claim under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). [Doc. 3]. On July 29, 2022, Plaintiff filed a document entitled "Counterclaim for Removal and

Dismissal." [Doc. 4]. That filing does not respond in substance to the Motion to Dismiss and instead lists federal statutes and procedural rules and appears to specify the amount and nature of damages Plaintiff seeks. Plaintiff did not otherwise respond to the Motion to Dismiss.

## ANALYSIS

### A.   Legal Standard

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se* in this action, the Court has an obligation to "liberally construe" his pleadings.  Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."  Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).  *Pro se* litigants must still follow the Federal Rules of Civil Procedure.  Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).  As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Id.

**B.     Motion to Dismiss**

Defendant first argues that the Complaint should be dismissed because it is a shotgun pleading.  In light of Plaintiff's *pro se* status and the liberal construction afforded his pleadings, the Court will assume without deciding that the Complaint is not a shotgun pleading and will turn to whether it states a claim to relief.

As a threshold matter, at 114 pages and with a range of disjointed contents, the Complaint does not contain "a short and plain statement" of the claim to relief.  Fed. R. Civ. P. 8(a)(2).  Moreover, discerning a cause of action in the Complaint is a difficult task.  The title of the Complaint suggests that Plaintiff seeks relief for "life-threatening conspiracy" and "domestic terrorism."  [Doc. 1-1, p. 2].

However, Plaintiff does not provide any basis, statutory or otherwise, for the existence of a cause of action for these claims. Plaintiff also fails to support his allegations of conspiracy and domestic terrorism with plausible and particularized facts, let alone facts showing that Defendant is in any way liable for the alleged conduct. To the extent that the Complaint seeks to bring claims for domestic terrorism or conspiracy, these claims lack facial plausibility and are due to be dismissed. See Rodriguez, 775 F. App'x at 602 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting Iqbal, 556 U.S. at 678)).

The remainder of the Complaint does not pass muster. As one example, Plaintiff asserts that he is

> being[] subtly and violently[] framed, attacked, slandered, scoffed, mocked, threatened, ostracized, patronized, put on a pedestal and mutilated unceasingly day and night by Government officials, religious clergy, [t]reasurers, civilians, and business people of all sorts who are practicing (the [H]ollywood expose occult witchcraft) in my community of Atlanta, Georgia, via satellite, [television], radio transmission from [t]he telecommunications company[] AT&T [at] 51 Peach Tree Center Avenue Atlanta, Georgia.

[Doc. 1-1, pp. 13–14]. The Complaint is replete with statements like this one: conclusory assertions that lack factual development and do not create a reasonable inference of liability. Rodriguez, 775 F. App'x at 602 (explaining that even for *pro*

5

*se* pleadings, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))). At bottom, the Complaint is patently frivolous, and it fails to state a cognizable claim to relief.

## C.     Opportunity to Amend

Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted complaint might state a claim." Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019); see also Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014) ("A court must . . . afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless the plaintiff expresses a desire not to amend or an amendment would be futile."). Given the frivolous nature of the Complaint in this case, the Court is skeptical that a more carefully drafted pleading would state a claim to relief. However, before dismissing this case with prejudice and because Plaintiff has not given any indication that he does not wish to amend his Complaint, the Court will grant Plaintiff leave to amend.

At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1)   The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be

6

       presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2)     Plaintiff must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts, including dates, that he believes entitle him to relief. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which Defendant's alleged conduct is related to each cause of action.

3)     Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 3] is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**. The Court will afford Plaintiff the opportunity to amend his Complaint to adequately plead a specific claim or claims within twenty-one days of the date of this Order. Plaintiff is notified that the

failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

    **SO ORDERED** this 20th day of December, 2022.

_____
J. P. BOULEE
United States District Judge